**AIRCOACH TRANSPORT ASSOCIATION, Inc., etc., et al., Plaintiffs,**

v.

**ATCHISON, TOPEKA, and SANTA FE RAILWAY CO., etc., et al., Defendants.**

**Civ. A. No. 875-57.**

United States District Court
District of Columbia.

July 5, 1957.

Dickstein, Shapiro & Friedman, David I. Shapiro, New York City, VanArkel & Kaiser, Gerhard P. VanArkel, Washington, D. C., for plaintiffs.

Sidley, Austin, Burgess & Smith, Douglas F. Smith, Stuart S. Ball, Howard J. Trienens, Richard J. Flynn, Joseph H. Hays, Amos M. Mathews, Joseph D. Feeney, Jr., Chicago, Ill., Covington & Burling, Hugh B. Cox, Paul F. McArdle, Wheeler & Wheeler, Edward K. Wheeler, Steptoe & Johnson, William E. Miller, Stephen Ailes, Richard A. Whiting, Washington, D. C., for defendants.

McGARRAGHY, District Judge.

Since October 1, 1946, the defendant railroads have been transporting military personnel on official business under a reduced rate agreement known as the Joint Military Passenger Agreement providing that the railroads would charge the military establishment a standard or uniform discount of 10% below their filed commercial tariffs. Commencing in 1953, the defendants began the practice of making concerted quotations to the military establishment of special rates varying to as low as 50% below the defendants' regularly filed tariffs.

The plaintiffs who are supplemental air carriers have brought this action to enjoin said concerted special rates and for treble damages, alleging violation of the Sherman Act, 15 U.S.C.A. § 1–7, 15 note, and of the Clayton Act, 15 U.S.C.A. § 12 et seq. With the filing of the complaint, the plaintiffs moved for a preliminary injunction. Prior to hearing on that motion, certain of the defendants moved to dismiss or in the alternative for summary judgment and certain other defendants filed motions for summary judgment. The plaintiffs also filed a motion for summary judgment.

The defendants claim that the bids which are attacked by the complaint as being in violation of the anti-trust laws have been made pursuant to and in conformity with agreements approved by the Interstate Commerce Commission and, therefore, that they are expressly relieved from the operation of the anti-trust laws with respect to the practices complained of by Section 5a of the Interstate Commerce Act, 49 U.S.C.A. § 5a. Further, the defendants say that the subject matter of this suit is within the exclusive primary jurisdiction of the Interstate Commerce Commission and that this Court is without jurisdiction to grant relief to the plaintiffs.

With reference to the points of law raised by the several motions which have been argued fully and briefed exhaustively, the Court is of the opinion as follows:

1. The anti-trust immunity conferred by Section 5a of the Interstate Commerce Act does not apply to concerted Section 22 quotations made to the United States Government.

2. The Interstate Commerce Commission has never immunized defendants' concerted Section 22 quotations.

3. The Interstate Commerce Commission does not have primary jurisdiction over the subject matter of this suit.

4. The concerted Section 22 quotations of defendants are illegal *per se* under the anti-trust laws.

5. The defenses raised by the defendants are insufficient as a matter of law and there is no genuine issue as to any material fact.

Accordingly, the plaintiffs' motion for summary judgment except as to damages will be granted and the defendants will be enjoined in accordance with the prayers of the complaint.

Counsel for plaintiffs will submit an order in conformity with this memorandum.